THE STATE OF OHIO, APPELLEE, *v.* DEWEES, APPELLANT.

344

(No. 5965—Decided June 16, 1965.)

Mr. *Joseph Goldberg*, for appellee.
Mr. *Jas. Slater Gibson*, for appellant.

GUERNSEY, J. Defendant, appellant herein, was convicted in the Municipal Court of Toledo of a violation of the provisions of Section 3743.32, Revised Code, reading, in pertinent part, as follows:

"* * * no person shall * * * sell at retail * * * any fireworks. * * *,"

On appeal to the Common Pleas Court the conviction was affirmed.

The only evidence offered and received at defendant's trial was the testimony of a city of Toledo police detective and a package of alleged fireworks, the defendant resting his case without offering any evidence after making the usual motions for his discharge. The only testimony of Detective Huffman of probative value, other than that relating to his occupation, the date, time and place of the alleged offense, was as follows:

"I approached the building, walked inside. There were fireworks all about a very large room. They were on display. I looked at several of the displays and selected the package there on the table, and asked Mr. DeWees the price. In fact I priced several packages. I asked him the price of this particular one. He said $6. I paid him the $6, took the package and started out the door. I got to the door, before I went out I turned around to show him my badge and told him he would have to go downtown."

"[after reading the descriptive matter on the package.] * * * That night I brought it into the Detective Bureau, placed it in our safe for safekeeping. The next morning I took it from the safe and put it in the police property room in the basement."

The only error which the defendant has assigned and specifically argued is that the evidence is insufficient to prove the alleged offense for the reason that there was no evidence (1) that there was a retail sale or (2) that the objects alleged to have been sold were fireworks. Each of these matters was an

essential element of the crime charged and each had to be proved beyond a reasonable doubt.

The prohibitory statute above referred to and the other statutes of Ohio do not define a retail sale as herein applicable, such definitions as there are being confined in application to some other phase of the law. See, for instance, Sections 1333.11 (cigarettes), 5739.01 (sales tax), 4307.01 and 4309.01 (liquor), and 1317.01 (installment sales), Revised Code. It will be observed, however, that in each of these instances the common elements of a retail sale are consumption or use by the purchaser of the item sold, or that the item is not purchased or sold for the purpose of resale. In each instance the quantity involved in the sale is not material.

Although it is said in 77 Corpus Juris Secundum 580, Sales, Section 1, that "The word 'retail' in its common and ordinary acceptation, when used in sales parlance, means a sale in small quantity or direct to the consumer," it is also there stated that "it has also been held that the distinguishing feature of a retail sale is that it is a sale to a consumer, rather than to a dealer or merchant for resale, and that the quantities of goods sold, or the prices at which they are sold, are immaterial in determining whether a particular sale is at retail."

As the Legislature has prohibited the retail sale of fireworks but has specifically exempted from prohibition sales at wholesale of such fireworks as are permitted to be used by Sections 3743.27 to 3743.43, Revised Code, and the sale of fireworks to be shipped directly out of the state, and has further provided for limited use of fireworks with permission in connection with fairs, carnivals, or other celebrations (Section 3743.33, Revised Code), we must conclude that in the exercise of its police power the Legislature was not concerned with assuring the safe and sane use of fireworks by limiting the quantities sold but instead intended to assure their safe and sane use by preventing their sale to all consumers in this state except those obtaining written permission for their use as provided in Section 3743.33, Revised Code. We conclude, therefore, that as used in Section 3743.32, Revised Code, the term, "sell at retail," means to sell to a *consumer*.

Again the statutes of Ohio do not define the term, "consumer," as herein applicable, but such term is ordinarily de-

fined as one who consumes, one who eats, uses up, or destroys. 16A Corpus Juris Secundum 1245, Consumer. As applied to fireworks a consumer would therefore logically be one who uses up or destroys same.

There was no evidence here that Detective Huffman was a consumer, for there was no evidence that he has used up or destroyed the alleged fireworks, or that at the time of the purchase he intended to do so. To the contrary, the evidence indicated that he intended to preserve the fireworks, not as a consumer to thereafter use up or destroy them, but specifically for the purpose of providing evidence of the alleged prohibited act.

We conclude that it was not proved beyond a reasonable doubt, nor was there evidence at all, that there was a sale at retail, and the proof of the alleged crime failed. For this error, which was prejudicial to the defendant, the judgment of the Common Pleas Court, affirming the judgment of the Municipal Court, is reversed and held for naught, the defendant is found not guilty, and he is ordered discharged, at the costs of the state of Ohio.

Adopting this view, we need not, and do not, determine the sufficiency of the proof as it relates to whether the object or objects sold constituted fireworks.

*Judgment reversed.*

Smith and Brown, JJ., concur.

Guernsey, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.